UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The People of the State of California,<br><br>                              Plaintiff,<br><br>v.<br><br>Abanoob Abdel-Malak,<br><br>                              Defendant. | Case No.: 22cv1436-JO-KSC<br><br>**ORDER REMANDING ACTION TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** |

On September 22, 2022, Abanoob Abdel-Malak ("Petitioner") removed a criminal case filed against him on July 9, 2021, in San Diego County Superior Court, Case No. M268212DV. Dkt. 1 (Notice of Removal) ¶ 261, Ex. 3. The criminal complaint charged Petitioner with nine counts of violating a domestic violence protective order. *Id.* On October 5, 2022, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. Dkt. 9 (Order to Show Cause). The parties filed responses to the Order to Show Cause on November 8 and November 10, 2022. Dkts. 19, 20. Upon reviewing the Notice of Removal and the parties' responses, the Court

concludes that it lacks subject matter jurisdiction over this matter and remands the action to state court.

First, the Court finds that Petitioner has not timely filed his notice of removal. 28 U.S.C. § 1455(a) requires strict procedures for removal of a criminal prosecution from state to federal court. 28 U.S.C. § 1455. Under the statute, a notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown[.]" 28 U.S.C. § 1455(b)(1). Here, Petitioner did not file his Notice of Removal within 30 days of his criminal arraignment in state court nor demonstrate good cause for his failure to do so. The state prosecutors filed the amended criminal complaint on which Petitioner was arraigned on July 9, 2021. Dkt. 1, Ex. 3. Petitioner did not file his Notice of Removal until September 22, 2022, over a year later. Dkt. 1. He also failed to articulate any reasons why he failed to do so within the required 30 days.[1] Because Petitioner failed to timely file his notice of removal or show good cause for its untimeliness as required by 28 U.S.C. § 1455(b)(1), the Court remands the action on these grounds.

Even if the notice of removal was timely, this Court lacks subject matter jurisdiction over this matter. A party may only remove a state criminal prosecution under limited circumstances where he cannot enforce a right to racial equality in state courts pursuant to 28 U.S.C. § 1443.[2] A petition for removal under Section 1443 must satisfy a strict two-part test. First, a petitioner must assert a right given to him "by explicit statutory enactment protecting equal racial civil rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636

---

[1] Notably, during this time period, Petitioner filed at least three other notices of removal in various federal district courts. *See, e.g.*, *People of the State of California v. Hate Crime Victim Jane/John Doe*, 21-cv-270-RSB-CLR (S.D. Ga., filed Sept. 24, 2021); *United States v. Hate Crime Victim Jane/John Doe*, 21-cr-213-JWH-1 (C.D. Cal., filed Oct. 15, 2021); *Abdel-Malak v. People of the State of California*, 22-cv-1324-CRB-PR (N.D. Cal., filed Mar. 2, 2022).

[2] 28 U.S.C. § 1442 permits the removal of actions against federal officers and agencies. Because Petitioner does not allege that he is a federal officer, the Court only examines whether Section 1443 applies.

(9th Cir. 1970). Second, a petitioner must assert that the state courts will not enforce that right, and point to an explicit state statute or constitutional provision that denies the federal civil rights in state court. *Id.*

Petitioner has failed to demonstrate that he has been denied the right to racial equality in state courts as required under Section 1443. Petitioner's criminal complaint asserts charges against him for violating a domestic violence protective order. Petitioner does not assert any statutory provisions pertaining to equal racial civil rights as a defense to the prosecution of these protective order violations. *See generally* Notice of Removal. Petitioner also fails to satisfy the second step of the test, which requires him to identify an explicit state law denying the federally protected civil rights. While Petitioner's Notice of Removal asserts that various officers committed hate crimes against him and that racial discrimination motivated his arrest, he does not point to any state laws that prevent a fair and impartial hearing on his alleged domestic violence protective order violations as required for a criminal removal. The Court therefore finds that Petitioner fails to meet the criminal removal requirements of Section 1443. *Sandoval*, 434 F.2d at 636.

For the reasons discussed above, the Court REMANDS the action to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

Dated: February 9, 2023

_____
Honorable Jinsook Ohta
United States District Judge